### SIMPSON v. BERKOWITZ.

(Supreme Court, Appellate Term. April 21, 1908.)

1. EMINENT DOMAIN—PROCEEDINGS TO TAKE PROPERTY—EFFECT OF ABANDONMENT OF PROCEEDINGS.

Proceedings by public officers for the condemnation of lands may be abandoned at any time before the confirmation of the report of the commissioners of appraisal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 648, 649.]

2. SAME—RIGHTS OF PROPERTY OWNERS—WHEN ACQUIRED.

The property owners acquire no vested rights in proceedings by public officers for the condemnation of lands until the report of the commissioners of appraisal is finally confirmed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 646-649.]

3. SAME.

No rights are vested in property owners by the mere adoption of a resolution by the board of estimate and apportionment, pursuant to New York City Charter, Laws 1901, p. 614, c. 466, § 1439, which provides that such board may direct by resolution that upon a day specified the title to property taken for public use shall vest in the city, and such board, therefore, may subsequently pass another resolution postponing the vesting of title to a future day, although such action may work an unwarranted hardship upon the property owners.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 646-649.]

4. PARLIAMENTARY LAW—POWERS OF DELIBERATIVE BODY—AMENDMENT OF RESOLUTIONS.

The power is inherent in every deliberative body to amend a resolution previously adopted by it.

5. MUNICIPAL CORPORATIONS—MUNICIPAL BOARDS—POWERS AND PROCEEDINGS.

By reasonable implication from New York City Charter, Laws 1901, p. 91, c. 466, § 226, which treats of the constitution and duties of the board of estimate and apportionment, and provides that "no resolution or amendment of any resolution shall be passed at the same meeting at which it is originally presented unless twelve votes shall be cast for its

adoption," thereby expressly recognizing the board's power to amend a resolution, an amendment to a resolution may be passed at a meeting subsequent to that at which the resolution was passed.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Summary proceedings by Jeruchim H. Simpson against Harry Berkowitz to recover the possession of certain premises. From a final order for defendant, plaintiff appeals. Reversed, and possession of the premises awarded to plaintiff.

See 108 N. Y. Supp. 968.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Edward H. Hawke, Jr. (Frank O'Connor, of counsel), for appellant.
Jacob Manheim (Harry A. Gordon, of counsel), for respondent.

GREENBAUM, J. The facts in this matter are undisputed. The landlord leased premises known as "No. 23 Forsyth Street" to the tenant for a term of two years, commencing May 1, 1907. The lease, among other things, provided:

"(8) It is made a condition of the lease that in case said premises shall be condemned in whole or in part by any court, body, or official, for any public or quasi public use or purpose, then this lease shall come to an end and be henceforth void, upon the city taking title to said premises."

In November, 1907, summary proceedings to dispossess the tenant were instituted by the landlord for nonpayment of rent for the month of November, 1907. The tenant resisted dispossession upon the ground that on October 8, 1907, the city of New York became vested with title to the premises. The learned justice below gave judgment in favor of the tenant.

It appears that on June 21, 1907, the board of estimate and apportionment of the city of New York, by virtue of proceedings looking to the condemnation of certain lands for the purposes of an approach for the Manhattan Bridge, adopted a resolution that:

"Upon the 8th day of October, 1907, the title to each and every parcel of land lying within the limits hereinbefore described, etc., shall be vested in the city of New York."

The premises in question are embraced within the lands referred to in the resolution. At a subsequently regularly called meeting held on the 4th day of October, 1907, four days before the date fixed in the previous resolution for vesting title, the same board duly resolved to amend its resolution of June 21, 1907, so that title to said lands, including the lands under consideration, shall be vested in the city of New York on May 2, 1908.

The Greater New York charter (Laws 1901, p. 1, c. 466) provides two methods in condemnation proceedings for vesting title in the city; the one upon the confirmation of the report of the commissioners of appraisal pursuant to section 1438a, and the other on a day fixed or specified by resolution of the board of estimate and apportionment upon a three-fourths vote, under section 1439. Incidentally it may be observed that the latter section also provides that:

"All leases and other contracts in regard to said lands so taken, or any part thereof, and all covenants, contracts or engagements between landowners and tenants or any other contracting parties shall upon the vesting of said title respectively cease and determine and be discharged according to law."

Both under the agreement between the parties and the statute, their relation of landlord and tenant would terminate the moment title vested in the city. It is well settled in this state that proceedings by public officers for the condemnation of lands may be abandoned at any time before the confirmation of the report of the commissioners of appraisal. Matter of Rhinebeck & Conn. R. R. Co., 67 N. Y. 242–245. The same case also recognizes the rule that the property owners acquire no vested rights in the proceeding until the report of the commissioners is finally confirmed. It seems to be reasonably clear by analogy of reasoning that no rights are vested in property owners by the mere adoption of a resolution on the part of the board of estimate and apportionment pursuant to section 1439 of the charter that on a day specified title to their premises is to vest in the city of New York.

The learned counsel for respondent argues that the commencement of proceedings to acquire private lands for public uses, coupled with a notice that on a fixed day the owner will be divested of title to his property, has the effect of imposing loss and unwarranted hardship upon property owners, if the public authorities subsequently may pass another resolution postponing vesting of title to a future day. The argument would be equally potent upon the question of the right to discontinue proceedings after they had progressed to a considerable length, and yet the right to abandon them is recognized.

The only question remaining is the general power of the board to amend its previous resolution. The power is inherent in every deliberative body to amend a resolution previously adopted by it. Section 226 of the Greater New York charter (Laws 1901, p. 91, c. 466), which treats of the constitution of the board of estimate and apportionment and its duties, expressly recognizes the power of the board to amend a resolution by the following provision:

"No resolution or amendment of any resolution shall be passed at the same meeting at which it is originally presented unless twelve votes shall be cast for its adoption."

By reasonable implication an amendment to a resolution may be also amended at a meeting subsequent to that when the resolution was passed. Between the city of New York and the plaintiff there is room for little doubt but that title to his premises did not vest in the city on October 8, 1907, and it follows that at the commencement of this proceeding the relation of landlord and tenant subsisted between the parties, and upon the conceded facts the plaintiff was entitled to a warrant of dispossession.

The determination of the justice must be reversed, and possession of the premises awarded to the appellant, with costs. All concur.